Peckham, J.
The certificate was the contract entered into by the defendant. Its liability to pay a death loss, and the manner in which it should do it, were provided for in the by-laws. By the liability which the members assumed must they be judged. It appears that they are liable to pay but one assessment for each death loss, and that one has been already made pursuant to the provisions of the by-laws, and the members upon whom it was made have paid the same. By the affidavit of the secretary of the defendant it would seem that an amount only equal to three-fifths of the certificate had been the result of such assessment, *496 while the findings of the court in the action brought by the relator against the defendant show the defendant to have collected enough therefrom to pay the full amount of the certificate, or enough to pay it in full with the aid of the surplus which the court finds it had on hand. We think in neither event does there remain any liability on the part of holders of certificates of defendant to pay any further assessment If that be so. of course none should now be ordered.
One assessment having been paid, the members discharged their whole duty in the premises which they had contracted to perform. If the assessment did not result in enough to pay the certificate in full, that was no fault of theirs; they fulfilled their contract and could not be asked to perform any more. If the-assessment resulted in raising thereby enough to pay the full amount of the certificate, or if it so resulted in connection with the surplus funds of the defendant, the members were no insurers of the proper application of the fund to the payment of the certificate by defendant’s officers. Mandamus is no remedy to. compel them to pay any further assessment, for they are under no liability in the premises. How the relator shall collect his -judgment against the defendant is a question not before us. Ho case for a mandamus has been made out, and the orders of the general and special terms should be reversed and the motion denied, with costs in all courts.
All concur.